NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 24 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GERALD VAUGHN GWEN,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>T. DEGARD, Deputy Warden;<br>BREZNECK, First Name Unknown,<br>Captain; ROJAS, First Name Unknown,<br>Officer; MORA, First Name Unknown,<br>Nurse; BAKER, First Name Unknown,<br>Health Service Administrator;<br>RODRIGUEZ, First Name Unknown,<br>Doctor; BURNETT, First Name Unknown,<br>Doctor,<br><br>Defendants - Appellees. | No. 24-6581<br><br>D.C. No. 2:24-cv-00389-JAT--JFM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted April 22, 2026[**]

Before: LEE, DESAI, and JOHNSTONE, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Arizona state prisoner Gerald Vaughn Gwen appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging due process and deliberate indifference claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012). We affirm.

The district court properly dismissed Gwen's due process claims concerning his disciplinary custody because Gwen failed to allege facts sufficient to show that he was deprived of a protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995) (explaining that a prisoner has no protected liberty interest unless the sanction imposed extends the length of his sentence or imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life").

The district court properly dismissed Gwen's deliberate indifference claims because Gwen failed to allege facts sufficient to show that any defendant was deliberately indifferent to his cervical spine condition or any other serious medical need. *See Toguchi v. Chung*, 391 F.3d 1051, 1057-58 (9th Cir. 2004) (explaining that prison officials act with deliberate indifference only if they know of and disregard an excessive risk to the prisoner's health, and that a difference of medical opinion is insufficient to establish deliberate indifference).

The district court did not abuse its discretion in dismissing Gwen's action

without further leave to amend because amendment would have been futile. *See*

*Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011)

(setting forth standard of review and explaining that dismissal without leave to

amend is proper when amendment would be futile).

We reject as unsupported by the record Gwen's contentions that the district

court violated his constitutional rights.

All pending requests are denied.

**AFFIRMED.**